Turley J.
delivered the opinion of the court;
The only question presented for the consideration of the court in this case, is, whether the act of 1789 c. 23, §4, which requires all the creditors of a person deceased, who reside within the limits of the State, to commence suit for any claim due them against the administrator or executor, within two years after letters of administration or letters testamentary have been granted, unless specially requested to delay doing so, is a bar to a scire facias issued on a judgment obtained against the testator or intestate in his life time, seeking to subject the effects in the hands of the administrator or executor to its payment, and which was not issued within two years, after the administration was granted. The solution of this question depends upon this, whether a scire facias upon a judgment against an administrator is a new action, or only the continuation of the former suit. A scire facias isa judicial writ founded on some matter of record, as a recognisance judgment &c., on which it lies to obtain execution, or for other purposes, as to repeal letters patent, hear error &c., 2nd Tidds Prac. 982. Bat though a scire facias be a judicial *473 Writ, yet because the defendant may plead thereto, it is .considered in law as an action. Coke Lit. 290 b. 291 a: 2 Wilson 251: 2 Black Rep. 1227: 2 Ter. Rep. 46. And therefore, it has been held, that a release of all actions is a good bar to a scire facias. Coke Lit. 290 b. Sec. 445: Skin. 682: 2 Lord Raymond 1048: 2 Wilson 251. These authorities would have been considered as conclusive of the question, and no argument perhaps would have been urged to the contrary, but for an observation made by Tidd in the 2nd vol. of his work on Practice, page 983; he there says, “upon a recognisance a scire facias is an original proceeding, but Upon a judgment, it is only a continuation of the former suit;” to support which position, he cites 1st Term. Rep. 3S8 and no other cáse. We will examine this and see whether the principle it determines, is as broad as it is asserted by Mr. Tidd. It is the case of the executor’s of Wright vs. Nutt. Nutt had obtained an interlocutory judgment against the testator, and executed a writ of enquiry; pending the action, the testator’s attorney agreed that no writ of error should be brought. After the testator’s death a scire facias to show cause why the damages assessed by the jury should not be adjudged to the plaintiff was sued out against the executors, who, thereupon brought a writ of error; a rule Was granted against the attorney to show cause why he should not now prosecute the writ of error, as having been brought contrary to his agreement, by which it was insisted, that the executors were bound. It was contended against the rule, that inasmuch as the defendant died between the time of executing the writ of enqui-ry and final judgment, the case did not fall within the provisions of the act of 8th and 9th William III c. 11, § 6, made to prevent the abatement of suits by the death of a party, and that therefore it stood as at common law, abated by the death of the defendant, and that the scire facias must be considered as a new action, and the agreement entered into by the testators attorney, not to prosecute a writ of error was not binding on the executors. In support of the rule, it was observed, that this was not an action on the former judgment, but only a scire facias calling on the executors to show cause why the damages which had been assessed on executing the writ of *474 enquiry should not be paid; that the case was within the statute of 8th and 9th William ITI c. 11, and that therefore, this was a continuation of the same action. The point in controversy there, was not whether a scire facias against an executor on a final judgment rendered against his testator ifc-felife time,, would be considered as a new action, but whether a scire facias against an executor under the statute of 8th and 9th William III to have judgment final1 ⅛» sail pending-, when the defendant had died, was to be so considered. The struggle to place the case under the provisions of this- statute of William III, shows plainly, that the attorneys for- both parties, were satis-, fied, that by- the provisions of'the common law, a scire facias against an executor upon a judgment was a new action, for if it had only been. a. continuation of the former suit, the difficulty of binding the-executor-by tito' agreement of the testator’s aU torney was obviated. Ashherst Judge, who delivered the opinion of the court, said1,. “This is not a new action, but a continuation of the old one,, it is only a scire facias to revive the former judgment. Andias;the testator himself, if he-had lived, could' not- have brought a writ of error, in consequence of the agreement, neither can his executors.” It becomes necessary to comment, on the words “only to revive the former judgment,” for this is the ground upon which the court held, that it was only a continuation of the former suit. What judgment is referred to? the interlocutory or judgment by default, for none other had been rendered',. This- remark was made by the court to obviate the agreement of the attorney who opposed the rule, and to bring the case within the provisions of the act of 8th and 9th William III. This statute provides, that, if defendant die after interlocutory judgment, and. before final judgment signed, the plaintiff should have a scire facias to show cause, why damages should not be assessed; and it had been contended, that inasmuch as the damages had been assessed before the death of the defendant, and the scire facias was to show cause why the damages assessed, should not be adjudged, that therefore the case did not fall within the provisions of the statute, to meet which the court in substance say, that this makes no difference, that the true intent.of the scire facias., is to revive the interlocutory judgment, whubfc *475 provided for by the statute. Then we cannot doubt that the principle as laid down by Tidd is too broad, and is not ported by the case referred to. Surely, no one will contend r, • r • i • i • • , . teat a ¿'tut Jacias, which is given by the common law against an executor or administrator, on a judgment rendered in the life time of their testator or intestate, seeks to do nothing more than to revive the judgment. By it, the assets are to be charged; by it, the rights and liabilities of the administrator or executor are to be effected; ⅜ new judgment is rendered upon which no one ever doubted an appeal, or writ of error might be prosecuted, no matter what agreement might have been made concerning the original judgment, the merits of which, provided it be not void, the administrator 'or executor cannot call in question.
We therefore think, that a scire facias to charge an administrator with the judgment debt of his intéstate, is as much a new action, as an action of debt brought for the same purpose would be, and that a delay for suing it for two years after administration granted, is a complete bar under the statute.
We therefore affirm the judgment of the court below.
Judgment affirmed.